DEL PILAR, PLAINTIFF AND APPELLANT, *v.* VÉLEZ, DEFENDANT; CARDONA, INTERVENOR AND RESPONDENT.

APPEAL from the District Court of Aguadilla in an action of debt.

No. 1004.—Decided December 2, 1913.

PARTNERSHIP—ACTION OF DEBT.—A partner of a mercantile firm has no legal capacity to recover in his own name and as a private individual a debt due to the firm of which he is a member.

The facts are stated in the opinion.

*Mr. Luis Mercader* for appellant.

*Messrs. Reichard & Reichard* for intervenor.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Eduardo del Pilar filed a complaint in the District Court

of Aguadilla against Pedro Vélez Acevedo to recover $600 due for provisions which the plaintiff had sold to the defendant in his mercantile establishment. The defendant was duly summoned and as he failed to answer within the time allowed for that purpose, default was entered against him at the instance of the plaintiff.

José Cardona Piquet filed a motion for leave to intervene in the action accompanied by a complaint in which he alleged that the defendant Vélez owed him $516.66; that in order to recover the said sum he had brought suit and levied a second attachment on the property of the defendant Vélez which had been attached already by the plaintiff del Pilar; that the plaintiff del Pilar did not do business in his own name; that the defendant Vélez owed only $200 and that not to the plaintiff personally but to the firm of which he was a member and which did business under the name of E. del Pilar & Hermano, and that the suit brought by del Pilar against Vélez was the result of a conspiracy to defraud the intervenor Cardona Piquet.

The court allowed the intervenor to file his complaint. The defendant Vélez filed no answer thereto and default was entered against him also at the instance of the intervenor. Plaintiff del Pilar demurred to the intervenor's complaint on the grounds that there was another action pending between the same parties based on the same cause and that the said complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court on April 9, 1913, whereupon the plaintiff answered the intervenor's complaint denying that the intervenor Cardona was a creditor of the defendant Vélez and admitting that Cardona had brought suit against Vélez for $516.66, that Cardona had levied a second attachment on the same property which had been attached by the plaintiff del Pilar and that he did not carry on business in his own name, but alleging that he was really the manager and almost the absolute owner of the firm of E. del Pilar & Hermano and that he had brought the action

with the consent of his partner, a brother. He also denied the existence of any conspiracy between the plaintiff del Pilar and the defendant Vélez to defraud the intervenor Cardona.

A day was set for the trial at which the plaintiff del Pilar and the intervenor Cardona appeared. By an order of the court the plaintiff del Pilar first introduced his evidence and was followed by the intervenor Cardona. The trial terminated in a judgment rendered by the court on May 1, 1913, which judgment was entered on the same day, ''dismissing the complaint and relieving the defendant, Pedro Vélez Acevedo, from all liability as to the subject-matter of the action brought against him. Likewise the complaint of the intervenor opposing the claim of the plaintiff is dismissed because of his failure to prove any of the essential allegations contained therein. Consequently the plaintiff and defendant are relieved from all liability in relation to the subject-matter of the intervenor's action against them, without special imposition of costs. It is ordered also that the amount deposited in the secretary's office representing the proceeds of the sale of the perishable property which was attached and sold at public auction shall be at the free disposal of its lawful owner and that the attachment levied on the remaining property of the defendant be dissolved.''

Apparently the intervenor whose complaint was finally dismissed, as we have seen, was satisfied with the judgment. The plaintiff del Pilar took the present appeal therefrom.

The appellant in his brief raises and discusses ably several questions relative to the irregularity of the intervenor's complaint, to the procedure followed and to the admission of evidence. In our judgment it is not necessary to consider and decide those questions because the intervenor's complaint was definitely dismissed and the judgment appealed from as to the plaintiff, Eduardo del Pilar, is supported by the fundamental ground on which the District Court of Aguadilla clearly based the same.

Ignoring entirely the proceedings had by reason of the

intervention of Cardona Piquet and considering only the complaint and the evidence introduced by the plaintiff himself, it results that the complaint was filed by Eduardo del Pilar against Pedro Vélez Acevedo and that the evidence shows that Pedro Vélez Acevedo owed nothing to Eduardo del Pilar but to the firm of Eduardo del Pilar & Hermano. See the testimony appearing on pages 27, 28, 29 and 30 of the transcript of the record. Therefore the evidence did not sustain the complaint and it was properly dismissed, the court relieving the defendant from all liability in regard to the *subject-matter of the action brought against him.*

Eduardo del Pilar as an individual and the mercantile firm of Eduardo del Pilar & Hermano are two distinct personalities. Eduardo del Pilar, as a private individual, had no legal capacity to recover in his own name a debt due to the firm of which he was a member. The personality of the firm was recognized by law and it alone could recover the amount due in the absence of a valid assignment of its rights to another person which did not exist in the present case; therefore the appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.